UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BELLA SKY, LLC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER OF F/V BELLA SKY, A 1977 72' STEEL HULL FISHING VESSEL, BEARING USCG DOCUMENTATION NO. 580932 | C.A NO.: 20-11719 |

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner BELLA SKY, LLC ("BELLA SKY, LLC" or Petitioner"), as owner of a *F/V BELLA SKY*, a 1977 72' steel hull fishing vessel, bearing United States Coast Guard Doc. No. 580932 ("the Vessel"), by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F") petitions this Court for Exoneration from or Limitation of Liability, for all claims arising out of an incident that is alleged to have occurred on or about March 8, 2020 on navigable waters of the United States, and as grounds therefore alleges:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* and Supplemental Admiralty

Rule F governing Limitation of Liability actions.

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§1331, 1333 and 46 U.S.C. §30501 *et seq.*

4. *F/V BELLA SKY* is a 1977 72' steel hull fishing vessel, bearing United States Coast Guard Doc. No. 580932, IMO No. 7647730, and Call Sign WYC2871 (the "Vessel").

5. Limitation Petitioner, BELLA SKY, LLC, is a Virginia Corporation, and was at all material times the "owner" of the Vessel, as defined by 46 U.S.C. § 30501.

6. Pursuant to Supplemental Admiralty Rule F(9), venue is proper in this district because the Vessel has not been attached or arrested with respect to the claim described herein, the owner, Petitioner, has not been sued with respect to the claim described herein, and the Vessel may be found within this district.

7. The only known potential Claimant to this action is Philip Bardales ("BARDALES") c/o Goldberg & Rosen, P.A., 1111 Brickell Ave., Suite 2180, Miami, Florida 33131. Based upon information and belief, BARDALES is a resident of and domiciled in Key West, Florida.

8. The events, acts, and circumstances giving rise to this Petition, BARDALES claims, occurred on navigable waters off the coast of the United States, on or about March 8, 2020, while the Vessel was engaged in maritime activity as a commercial fishing vessel.

9. At all times material hereto, the Vessel was seaworthy; properly and

efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the their intended use. Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

10. The Vessel has not been attached or arrested *in rem* in any civil proceeding with respect to the claim described herein.

11. On or about March 8, 2020, BARDALES was a crew member aboard the Vessel. BARDALES claims that he became injured that day while performing his duties on the Vessel during a commercial fishing expedition off the coast of Cape Hatteras, North Carolina, allegedly sustaining injuries requiring medical attention.

12. The instant Petition for Exoneration or Limitation of Liability is being filed less than six months after Petitioner's first written notice of claim; therefore, it is timely filed pursuant to the provisions of Supplemental Admiralty Rule F.

13. The Vessel was not damaged, lost or abandoned.

14. Based upon information and belief, BARDALES may assert a claim against Petitioner for bodily injury allegedly caused by the events described in this Petition.

15. Pursuant to Supplemental Rule F(2) and 46, U.S.C. §30501 *et seq.*, Petitioner seeks exoneration from or limitation of liability for any injuries, damages, and losses of whatever description arising out of the aforesaid incident and desires to contest the liability in the event claims are made or claimants allege they have

valid defenses to the claims on the facts and law.

16. The incident described above was not caused or contributed by any fault, negligence, or lack of due care on the part of Petitioner.

17. Alternatively, the aforesaid incident was done, occasioned and incurred without the privity or knowledge of Petitioner.

18. Petitioner claims exoneration from or limitation of liability for any and all property damages, personal injuries and/or death caused by the subject incident involving the Vessel, and for any claims thereof.

19. Any claims arising from the injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible, and Petitioner is entitled to exoneration from any liability for any such claims.

20. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged injuries, losses, or damages on the part of any person, vessel or other claims arising from the March 8, 2020 incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. §30501 *et seq.*

21. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $194,000.00. There was no pending freight. Contemporaneously herewith, Petitioner files an Affidavit of Appraised Value from

Jason Dunbar, a marine surveyor, attached hereto as Exhibit "A."

22. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimants, a Letter of Undertaking from its insurer in the sum of $194,000.00, plus interest at 6% per annum from March 8, 2020, said sum being the value of Petitioner's interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as Exhibit "B."

23. Petitioner alleges that the amount of damages associated with potential claims arising from this maritime incident may exceed the value of its interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage.

24. By reason of the foregoing, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq*. and Supplemental Rule F in this proceeding.

**WHEREFORE PETITIONER PRAYS:**

A. For an Order approving the above-described Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel;

B. For an Order directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on March 8, 2020, citing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in

said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition;

C. That an injunction shall issue prohibiting and restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioner and/or the Vessel in respect of any claim or claims arising out of the incident on March 8, 2020, above described; and

D. For a Decree adjudging:

   1. That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of March 8, 2020, as above stated;

   2. Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree

thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

Respectfully submitted this 18th day of September, 2020.

        **BELLA SKY, LLC, as owner of**
        **F/V BELLA SKY**

        */s/ Michael Daly*
        Michael J. Daly (BBO# 655838)
        Pierce Atwood LLP
        One Financial Plaza, 26th Floor
        Providence, RI 02903
        (401) 490-3424
        mdaly@pierceatwood.com