UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BELLA SKY, LLC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER OF F/V BELLA SKY, A 1977 72' STEEL HULL FISHING VESSEL, BEARING: USCG DOCUMENTATION NO. 580932 ) ) ) ) ) ) ) ) | Civil Action No. 20-11719-GAO |
| PHILIP BARDALES,<br>                 Claimant/Counter-Plaintiff,<br>v.<br>BELLA SKY, LLC,<br>                 Counter-Defendant. ) ) ) ) ) ) ) ) ) ) | |

OPINION AND ORDER
August 10, 2022

O'TOOLE, D.J.

    Bella Sky, LLC ("Bella Sky"), as the owner of commercial fishing vessel F/V BELLA SKY, petitions the Court for exoneration from or limitation of liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C § 30501 et seq., and Supplemental Rule F of the Federal Rules of Civil Procedure.

    The relevant facts are as follows: On March 8, 2020, Philip Bardales was aboard the petitioner's commercial fishing vessel as a hired crewmember. That day, an incident occurred that caused Bardales to sustain a permanent back injury. Following the incident, on September 18, 2020, Bella Sky filed the present petition. Bardales moved to dismiss the petition, arguing that Bella Sky failed to file the present petition timely, that is, within six months of Bella Sky's receipt

of written notice of the claim. Bella Sky opposed Bardales's motion. For the reasons set forth below, the claimant's motion to dismiss is denied.

**I.      Motion to Dismiss**

    A.      Statute of Limitations

The Limitation of Shipowners' Liability Act ("the Act") provides vessel owners with a vehicle to bring a civil action in the district court for limitation of liability for losses and/or damages incurred to the value of the vessel and its then pending freight as long as the loss or damage occurred without the "privity or knowledge of the owner." 46 U.S.C § 30505; see In re Polito, No. 15-10462-TSH, 2015 WL 5554018, at *2 (D. Mass Sept. 21, 2015). The Act, and Supplemental Rule F, make clear that such action must be "brought within 6 months after a claimant gives the owner written notice of the claim." 46 U.S.C. § 30511(a); see Fed. R. Civ. P. Supp. Rule F. The statute operates as a strict time bar, requiring that the shipowner act promptly to gain the benefit of the statutory right to limit liability. In re Morania Barge No. 190, Inc., 690 F.2d 32, 34 (2d Cir. 1982). It is well settled that if the six-month limitation period lapses before the petition is filed, it shall be dismissed as untimely. Id. at 33; Exxon Shipping Co. v. Cailleteau, 869 F.2d 843, 846 (5th Cir. 1989).

Bardales contends that a text message, sent on March 17, 2020, to the owner of F/V BELLA SKY, Captain Troy Dwyer, qualified as sufficient written notice of his claim and, as a result, triggered the commencement of the six-month statute of limitations period. The text message read:

> Good afternoon Troy , you already know about the incident on the Bella Sky which left me injured.I returned to my other boat in key west after and was not able to perform my regular duties on boat because of the immense pain. I have no choice, but to go the urgent care today.

(Claimant's Mot. to Dismiss Pet'r's Pet. for Exoneration from or Limitation of Liability and Claimant's Mot. to Dismiss Pet. at 11 (dkt. no. 14).) One day later, on March 18, 2020, counsel

2

for Bardales sent a letter to Bella Sky titled "**NOTICE OF CLAIM**." If, as Bardales argues, the statute of limitations began to run on the date of his text message, then Bella Sky's filing of the petition on September 18, 2020, would have occurred one day beyond the expiration of the limitations period, and would therefore have been untimely.

As an initial matter, Bella Sky argues that the alleged text message between Bardales and Dwyer lacks authentication and should not receive consideration because it goes beyond the facts alleged in the complaint. In determining the merits of a motion to dismiss, "consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). A narrow exception has been carved out "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. There is little question that the contested text message does not meet any of the listed exceptions.

Even if the text message were to be considered part of the pleadings or the pending motion were to be converted into one for summary judgment, it is clear that the disputed text message on its face fails to constitute sufficient written notice of Bardales's claim. Courts "have been left to formulate tests to determine whether a claimant's notice suffices under § 30511(a)." Orion Marine Constr., Inc. v. Carroll, 918 F.3d 1323, 1330 (11th Cir. 2019). Two such tests have emerged: the Doxsee/McCarthy test and the Moreira test. Id. at 1330–31. Under the Doxsee/McCarthy standard, a writing contains sufficient information to constitute proper written notice of a claim "if it informs the vessel owner of an actual or potential claim . . . which may exceed the value of the vessel . . . and is subject to limitation." P.G. Charter Boats, Inc. v. Soles, 437 F.3d 1140, 1143 (11th Cir. 2006) (citing Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1090 (11th Cir. 2005)). Such notice

must also "reveal a 'reasonable possibility' that the claim made is one subject to limitation." Paradise Divers, 402 F.3d at 1090 (citing In re Complaint of McCarthy Bros. Co./Clark Bridge, 83 F.3d 821, 829 (7th Cir. 1996)). The similar Moreira test requires only that the writing: "(1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant." Id.; see e.g., Rodriguez Moreira v. Lemay, 659 F. Supp. 89, 91 (S.D. Fla. 1987).

Application of either standard here produces the same result: Bardales's text message fails to constitute written notice sufficient to trigger the applicable statute of limitations period. For purposes of the Doxsee/McCarthy test, the text message makes no mention of a claim of negligence against the vessel or of an intention to pursue legal action against Bella Sky. Nor is there any notice that a potential claim would exceed the value of the vessel. See In re Devils Hole Jetboat, LLC, No. 17-CV-0166-LJV-JJM, 2020 WL 6375218, at *3–4 (W.D.N.Y. Oct. 30, 2020) (concluding that a claimant's letter only advising the petitioner of the location of the incident and the claimant's need for medical attention, without mention of negligence or threat to pursue legal action, was not enough to trigger the six-month clock). Even under the less rigorous Moreira standard, Bardales's text message contains no notice of blame attributable to Bella Sky nor makes any demand against it. The text message did not trigger the six-month limitation period; instead, notice was accomplished by the lawyer's letter a day later. Bella Sky's petition was timely filed.

  B.  Privity, Knowledge, and Negligence

The Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001). Bardales's second argument is that the petition fails sufficiently to allege the absence of negligence within Bella Sky's privity or

4

knowledge. To the contrary, the petition asserts that the incident "was not caused or contributed by any fault, negligence, or lack of due care on the part of Petitioner" and "was done, occasioned and incurred without the privity or knowledge of Petitioner." (Pet. for Exoneration from or Limitation of Liability at ¶ 16–17 (dkt. no. 1).) Those statements in the petition clearly satisfy the pleading requirements and Bella Sky "is entitled to an opportunity to present facts to demonstrate that his 'conduct was in all respects prudent' and that he had no knowledge or privity of any negligent acts." In re Arntz, 380 F. Supp. 2d 1156, 1160 (C.D. Cal. 2005) (citations omitted).

## II.   Conclusion

For the foregoing reasons, the Claimant's Motion to Dismiss Petitioner's Petition for Exoneration from or Limitation of Liability and Motion to Dismiss Petition (dkt. no. 14) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge